| | |
|---|---|
| **WILBER HASTY**, | |
| Plaintiff, | |
| v. | Case No. 2:22-CV-04054-SRB |
| **CORIZON, LLC**, *et al.*, | |
| Defendants. | |

## STATE DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND SUGGESTIONS IN SUPPORT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants move to dismiss Plaintiff's second amended complaint for failure to exhaust his administrative remedies and failure to state a claim. Plaintiff Wilber Hasty seeks to hold Defendants Craig Crane and Patrick Fields (collectively "State Defendants") liable for deliberate indifference to providing medical care and humane conditions under the Eight Amendment. In support of this motion to dismiss, Defendants provide the following suggestions in support.

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ....................................................................................... ii

SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS ............................. 4

    I.    STATEMENT OF FACTS ................................................................. 4

    II.    STANDARD OF REVIEW ............................................................... 5

    III.    ARGUMENT ..................................................................................... 6

        a.    Plaintiff failed to exhaust his administrative remedies ....... 6

        b.    Counts I and II fail to state a claim for an Eight Amendment violation ......................................................... 10

    IV.    CONCLUSION ................................................................................ 12

CERTIFICATE OF SERVICE .................................................................................. 13

# **TABLE OF AUTHORITIES**

Other Authorities

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................... 5

*Days v. Johnson*,
  322 F.3d 863 (5th Cir. 2003) ...................................................................... 9

*Estelle v. Gamble*,
  429 U.S. 97 (1976) .................................................................................... 11

*Foulk v. Charrier*,
  262 F.3d 687 (8th Cir. 2001) ...................................................................... 8

*Gibson v. Weber*,
  431 F.3d 339 (8th Cir. 2005) ...................................................................... 8

*Hahn v. Armstrong*,
  407 Fed. Appx. 77 (8th Cir. 2011) ........................................................... 7, 8

*Hahn v. McLey*,
  737 F.2d 771 (8th Cir. 1984) .................................................................... 11

*Hammett v. Cofield*,
  681 F.3d 945 (8th Cir. 2012) ................................................................... 7, 9

*Jones v. Bock*,
  549 U.S. 199 (2007) ................................................................................ 6, 7

*Kentucky v. Graham,*
  473 U.S. 159 (1985) .................................................................................. 11

*Ross v. Blake*,
  578 U.S. 632 (2016) ................................................................................ 6, 7

*Stone v. Harry*,
  364 F.3d 912 (8th Cir. 2004) .............................................................................. 6

*Woodford v. Ngo*,
  548 U.S. 81 (2006) ................................................................................. 6, 7

Statutes

42 U.S.C. § 1997e(a) ........................................................................................ 4

# SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS

## I. STATEMENT OF FACTS.

Plaintiff filed his Second Amended Complaint on December 6, 2022, for deliberate indifference to providing him medical care and humane conditions. (Doc. 73). At the time of the alleged incidents, Plaintiff was an inmate in the custody of the Missouri Department of Corrections. (Doc. 73 at ¶ 2). Plaintiff alleges that he became ill while he was incarcerated at Algoa Correctional Center ("Algoa") in Jefferson City, Missouri. Plaintiff claims he was "brought to medical for evaluation because of some hallucinations" and that the prison's response was to put him in administration segregation, or solitary confinement for 'close observations'". (Doc. 73 at ¶ 2).

Furthermore, Plaintiff alleges that his "mental and physical conditions rapidly deteriorated. Numerous clinicians and nurses observed him but failed to give him medical treatment to diagnose his conditions." (Doc. 73 at ¶ 3). Plaintiff claims that "on April 15, 2020, instead of diagnosing or treating Mr. Hasty, Algoa transferred him to Jefferson City Correctional Center (JCCC)." (Doc. 73 at ¶ 4). "Upon his arrival, JCCC immediately determined that he needed hospitalization and life-saving treatment. JCCC then rushed Mr. Hasty to the hospital where he was diagnosed with, among other things, severe dehydration and acute renal failure." (Doc. 73 at ¶ 5).

Plaintiff seeks to hold Defendants Crane and Fields liable for deliberate indifference and refusal to provide medical care under the Eight Amendment (Counts I) and deliberate indifference and refusal to provide humane conditions under the Eighth Amendment (Count II) (Doc. 73 at ¶¶ 9-12). For relief, Plaintiff seeks damages for physical injuries and medical costs, compensatory damages, punitive damages, and attorney's fees and costs. (*Id.* at ¶ 17).

## II.  STANDARD OF REVIEW.

To survive a motion to dismiss under 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Courts must also not assume facts that are not alleged, even if the case would be

5

helped by the inclusion of the unstated facts. *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

### III. ARGUMENT.

#### a. **Plaintiff failed to exhaust his administrative remedies.**

Plaintiff failed to exhaust his administrative remedies for all of the claims raised in the Second Amended Complaint and is precluded from bringing these claims. The Prison Litigation Reform Act's (PLRA) plain language states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has repeatedly recognized that this language is mandatory and prevents an inmate from bringing any action until they have exhausted all available administrative remedies. *Ross v. Blake*, 578 U.S. 632, 638 (2016) (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) and *Jones v. Bock*, 549 U.S. 199, 211 (2007)). The purpose of exhaustion is to allow "a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful

6

record." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (quoting *Bock*, 549 U.S. at 219).

Administrative remedies are defined by the prison and are exhausted where an inmate has used and properly followed all required steps. *Woodford*, 548 U.S. 81. The Missouri Department of Corrections grievance requires three steps:

> First, the inmate files an Informal Resolution Request ("IRR"). If dissatisfied with the IRR response, he "must" file a grievance within seven days of receiving the response. If dissatisfied with the grievance response, he "must" submit a Grievance Appeal form to the grievance officer within seven days. Failure to timely file a grievance or submit a grievance appeal "will result" in the complaint or the appeal "being considered abandoned." After receiving the grievance appeal response, the inmate "has exhausted the grievance process."

*Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

To the extent that such remedies are available, courts may not excuse a failure to exhaust, regardless of whatever special circumstances may be present. *See Ross v. Blake*, 578 U.S. 632, 639 (2016). Administrative remedies are "unavailable" when they operate as a simple dead end, are incapable of being used because a prisoner cannot navigate it, or when prison administrator's thwart an inmate attempts to utilize the system. *Id.* at 643-644 (2016). The Eighth Circuit has not recognized an exception to PLRA's exhaustion requirement due to medical treatment. *Hahn v. Armstrong*, 407

7

Fed. Appx. 77, 79 (8th Cir. 2011), *see also Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (the Eight Circuit has only excused inmates from complying with grievance procedures when officials have prevented prisoners from utilizing the procedures or when official themselves fail to comply with the procedures). Failure to exhaust under the PLRA is an affirmative defense, it is the defendant's burden to plead and to prove. *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001).

Here, Plaintiff's complaint is completely devoid of any facts to demonstrate that he exhausted his administrative remedies. Furthermore, in the event that Plaintiff attempts to claim that the grievance process was not available to him while he was hospitalized, Plaintiffs argument fails. At some point over the past two years, the grievance system was available to Plaintiff but Plaintiff failed to utilize the grievance system and his claims are now barred for failure to exhaust. *See Hahn v. Armstrong*, 407 Fed. Appx. 77, 79 (8th Cir. 2011)*(*"this court has not recognized exceptions to the PLRA's exhaustion requirement for delay due to medical treatment or poor legal advice. Even were we to recognize these exceptions, they would not excuse the four year delay in this case.").

Ultimately, are no facts or circumstances showing Plaintiff acted diligently by attempting to exhaust his claims. In the Fifth Circuit, an inmate

8

can show the grievance system was "unavailable" when a medical issues prevents them from filing a timely grievance and they make a subsequent untimely attempt to exhaust. *See Days v. Johnson*, 322 F.3d 863, 868 (5th Cir. 2003) (in the Fifth Circuit "administrative remedies are deemed unavailable when (1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance"). Plaintiff has failed to allege any such diligence for the court to consider an exception to the exhaustion requirements. Furthermore, if Plaintiff had filed an untimely grievance, there is a possibility that prison officials could have addressed his claims on the merits before this lawsuit and his claim may have been exhausted that way. *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (PLRA's exhaustion requirement is satisfied if a prison official decides a procedurally flawed grievance on the merits). Since the Eight Circuit does not recognize a medical exception to the grievance process and Plaintiff made no subsequent effort to exhaust his inadequate medical care claims, dismissal is required.

As to Plaintiff's claims for damages for deprivation of Eighth Amendment rights to Humane Conditions in Count II, Plaintiff has also failed to provide any facts to demonstrate that he administratively exhausted his

9

claims. As previously discussed, because Plaintiff failed to exhaust this claim, it must be dismissed.

### b. **Counts I and II fail to state a claim for an Eight Amendment violation.**

Counts I and II appears to allege that *all* Defendants violated Plaintiff's Eight Amendment rights. (Doc. 87 at ¶¶ 64-72). Plaintiff is suing Defendant Crane and Fields in their individual capacities. (Doc. 73 at ¶¶ 9-12). To the extent that Counts I and II seek to hold Defendants Crane and Fields, Plaintiff has failed to state a claim for an Eighth Amendment violation. Plaintiff alleges that Defendants, "in their roles as supervisors, were actually aware of Mr. Hasty's rapidly deteriorating health. They personally observed him in a physical and psychological condition that would have been recognizable as an emergency to any lay person. They did not act." (Doc. 73 at ¶ 56).

Plaintiff argues that "Defendants Crane and Fields and other Algoa corrections officers had an independent and separate duty to monitor and observe Mr. Hasty. They were primarily charged with these duties throughout the day and were in addition to the duties and responsibilities of the Corizon employees. They were responsible for ensuring Mr. Hasty was living in sanitary living conditions, was in good health, was not harming himself, and had access to food and water." (Doc. 73 at ¶ 57). Additionally, Plaintiff states

10

that "Defendants Crane and Fields and other Algoa corrections officers also failed to monitor and observe Mr. Hasty for a number of days, allowing him to further deteriorate without any possibility of intervention and thus denied him medical care." (*Id.* at ¶ 58).

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). Negligent medical treatment or a negligent diagnosis does not state a claim under the Eighth Amendment. *Id.* at 106. A prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.*

A supervisor cannot be held liable under § 1983 for a plaintiff's injuries caused by subordinates unless the "injury is inflicted upon the plaintiff as a result of a breach of the supervisor's duty to train, supervise, or control the actions of subordinates." *Hahn v. McLey*, 737 F.2d 771, 773 (8th Cir. 1984). When medical care is at issue, supervisors incur liability when the duty to furnish medical treatment is "unfulfilled." *Langford v. Norris¸*614 F.3d 445, 460 (8th Cir. 2010). The duty to provide medical care can be unfulfilled when a supervisor provides care, knows the care being provided is inadequate, and remains indifferent to the prisoners' medical needs. *Id.* at 460–61(prison administrator, who was not a doctor, can be held liable for Eighth Amendment

11

violation if he knew inmate's serious medical needs were not being adequately treated yet remained indifferent).

Here, Plaintiff has failed to allege sufficient facts showing that Defendants knew that the medical care Plaintiff received on April 15, 2020 was inadequate. Plaintiff states in Count I that Defendants, as supervisors, were aware of Plaintiff's condition, but also failed to monitor and observe Plaintiff. (Doc. 73 at ¶¶ 56-58)Plaintiff fails to provide any factual details in support of this conclusory allegation. As such, Count I should be dismissed against Defendants. In Count II, Plaintiff contends that Defendants made the decision and/or were aware of the decision to turn off the water in Plaintiff's cell, but fails to provide any factual details in support of this conclusory allegation. (Doc. 73 at ¶68). Therefore, Count II should be dismissed against Defendants.

## IV. CONCLUSION.

Defendants respectfully request that this Honorable Court grant their Motion to Dismiss Plaintiff's Second Amended Complaint without prejudice due to Plaintiff's failure to exhaust his administrative remedies and failure to state a claim.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ Joyce A. Johnson*
Joyce A. Johnson

Mo. Bar No. 73778
Assistant Attorney General
Fletcher Daniels State Office Bldg.
615 E. 13th Street, Suite 401
Kansas City, MO 64106
Phone: (816) 889-5023
Fax: (816) 889-5006
Joyce.johnson@ago.mo.gov
Attorneys for Defendant MDOC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December, 2022, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF electronic notification system.

 */s/ Joyce A. Johnson*
Assistant Attorney General

13