UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| WILBER HASTY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-CV-04054-SRB |
| ) | |
| CORIZON, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS CRANE AND FIELDS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE AND MOTION TO STAY PROCEEDINGS**

Defendants Crane and Fields, by and through undersigned counsel, requests this Court to stay the proceedings in this case until Defendant Corizon's stay may be lifted by the United States Bankruptcy Court, and hereby states as follows:

1. On February 16, 2023, Defendant Corizon filed its Suggestions in Bankruptcy and Notice of Automatic Stay. (Doc. 80).

2. On February 23, 2023, this Court entered an Order staying proceedings with respect to all claims against Defendant Corizon Health, Inc. a/k/a Corizon, LLC, n/k/a Tehum Care Services, Inc. pending resolution of Corizon's bankruptcy case in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. (Doc. 83).

3. On February 23, 2023, this Court entered a Show Cause Order, permitting the remaining parties the opportunity to request the case to be stayed against them. (Doc. 83).

4. On March 16, 2023, Defendants Malone, Ratliff, Long, Lambert, Cavender-Erangey (f/k/a Vineyard), and Drury filed their Response to Show Cause Order requesting this Court to extend the current stay of the proceedings for such Defendants until the stay may be lifted by the United States Bankruptcy Court. (Doc. 84).

5. In Count One of Plaintiff's Petition, Plaintiff alleges that all named Defendants deprived Plaintiff of medical care. Count Two of Plaintiff's Petition alleges that Defendants Crane and Fields deprived Plaintiff of human conditions of confinement. In Counts Three through Six, Plaintiff brings claims of negligence/medical malpractice, Monell Liability, Successor Liability, and Piercing the Corporate Veil/Alter Ego, respectively, against Defendant Corizon and its successors.

6. To the extent any fault lies with Defendant Corizon and the individually named Corizon Defendants, Defendants Crane and Fields are currently assessing whether to bring a cross claim against such Defendants.

7. Defendants Crane and Fields plan to seek discovery from Defendant Corizon in order to properly develop their defenses and support their potential cross claim. The Automatic Stay will make it difficult or

impossible to obtain that discovery, thus prejudicing Defendants Crane and Fields at trial if the entire case is not stayed.

8. This Court has broad discretion and an inherent right to control its docket, particularly until it has determined a preliminary dispositive motion. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); see also, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). This Court should exercise that discretion here.

9. "In considering a motion to stay, the Court weighs the potential prejudice or hardship to the parties, as well as the interest of judicial economy." *Malcich v. PATB LLC*, 2023 WL 1815663, 2 (E.D. Mo. Feb. 8, 2023).

10. If the case against Defendants Crane and Fields is not stayed and proceeds to trial, Defendant Corizon and the individually named Corizon Defendants will not be on the verdict form, and thus the jury will not be able to fairly and properly allocate any fault it finds to have occurred.

11. Staying this action for Defendant Corizon and the individually named Corizon Defendants and allowing Defendants Crane and Fields to proceed in this action raises the distinct possibility of an excessive damages award against Defendants Crane and Fields and for Plaintiff.

12. Further, it is not in the interest of judicial economy to proceed with separate trials in this case.

13. For the sake of judicial economy, to avoid the risk of not obtaining pertinent discovery, and to ensure that Defendants Crane and Field are not prejudiced in trial, Defendants Crane and Fields requests this Court to stay this proceeding until such time Defendant Corizon's stay is lifted in the United States Bankruptcy Court.

Wherefore, Defendants Crane and Fields move this court to stay the proceedings in the above-captioned case until such time Defendant Corizon's stay is lifted in the Bankruptcy Court, and for such other relief this court deems necessary.

Respectfully submitted,

ANDREW T. BAILEY
Attorney General

*/s/ Joyce A. Johnson*
Joyce A. Johnson, #73778
Assistant Attorney General
Fletcher Daniels State Office Bldg.
615 E. 13th Street, Suite 401
Kansas City, MO 64106
Phone: (816) 889-5023
Fax: (573) 751-4323
Joyce.johnson@ago.mo.gov
*Attorneys for Defendants Crane and Fields*

## CERTIFICATE OF SERVICE

I hereby certify that on this March 16, 2023, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF electronic notification system.

*/s/ Joyce A. Johnson*
Assistant Attorney General